UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10426 -RGS

SVITLANA VORONTSOVA

v.

MICHAEL CHERTOFF, Secretary of the Department of
Homeland Security; EMILIO GONZALEZ, Director of the
U.S. Citizenship and Immigration Service; and
DENIS RIORDAN, District Director of the U.S. Citizenship and
Immigration Service for Boston, Massachusetts

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

November 2, 2007

STEARNS, D.J.

On March 5, 2007, Svitlana Vorontsova brought this lawsuit seeking an Order directing defendants to adjudicate her application for an adjustment to her immigration status. Vorontsova asserts that this court has subject matter jurisdiction pursuant to the Mandamus and Venue Act (MVA), 28 U.S.C. § 1361; the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*; the federal question statute, 28 U.S.C. § 1331; the Administrative Procedure Act (APA); and the Due Process Clause of the Fifth Amendment.

BACKGROUND

The basic facts are undisputed.  On April 21, 2005, Vorontsova filed an I-485 application to adjust her immigration status to that of a lawful permanent resident alien. Her fingerprints were submitted to the Citizen and Immigration Service (CIS) in June of 2005.  On October 5, 2005, Vorontsova was interviewed by an immigration officer at the

CIS office in Boston.  The officer informed Vorontsova that her application could not be approved at that time because the Federal Bureau of Investigation (FBI) had not completed the required background check.  In the ensuing months, Vorontsova and her attorney made numerous inquiries as to the status of her application.  She was repeatedly told that the FBI check was still pending. To date, she has not received a decision on her application.  Vorontsova seeks an Order directing defendants to adjudicate her application and provide her with a Notice of Approval.

On May 9, 2007, defendants – three federal officials who oversee the naturalization system[1] – collectively moved to dismiss the Complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a justiciable claim.  The court heard oral argument on July 9, 2007.

## DISCUSSION

Under the Immigration and Naturalization Act (INA), the Attorney General has discretion to adjust the status of an eligible alien who has been admitted into the United States.  The INA provides that

> [t]he status of an alien who was inspected and admitted or paroled in the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence.

8 U.S.C. § 1255(a).  Neither the statute nor its implementing regulations set out a time frame within which a determination must be made.  8 C.F.R. § 245 *et seq.*

---

[1]Specifically, Michael Chertoff, Secretary of the Department of Homeland Security (DHS), Emilio Gonzalez, Director of the CIS, and CIS District Office Director Denis Riordan.

Defendants argue that because adjustment of status is within the discretion of the Attorney General, the court lacks subject matter jurisdiction.  Defendants cite the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), for the proposition that Congress has divested this court of jurisdiction.  The IIRIRA provides that a court is without jurisdiction to review any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General of the Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B)(ii).   Defendants argue that the term "action" as used in § 1252(a)(2)(B)(ii) encompasses not only CIS's ultimate decision whether to grant an application for adjustment, but also the *speed* at which CIS processes such an application.

Several courts have adopted defendants' reasoning.  As one court explained,

> [t]he plain meaning of the word "action" answers this question; it means "an act or series of acts." Black's Law Dictionary 28 (6th ed.1990). Thus, under § 1252(a)(2)(B)(ii) the term "action" encompasses any act or series of acts that is discretionary within the adjustment of status process.  And, as § 1255(a) does not impose any limits on USCIS's discretionary authority over the adjustment of status process, it is clear that "action" in § 1252(a)(2)(B)(ii) encompasses the entire process of reviewing an adjustment application, including the completion of background and security checks and the pace at which the process proceeds.

Safadi v. Howard, 466 F. Supp. 2d 696, 699 (E.D. Va. 2006).  See also Grinberg v. Swacina, 478 F. Supp. 2d 1350, 1352 (S.D. Fla. 2007) (reasoning that if "Congress intended to confer jurisdiction on a federal court to review the pace of adjudication for adjustment of status applications, it would have expressly [so] provided.").

This court, however, finds persuasive the reasoning of Judge Gertner's decision in Tang v. Chertoff, 493 F. Supp. 2d 148 (D. Mass. 2007).  In Tang, Judge Gertner held that

because immigration authorities have a non-discretionary duty to process an alien's application for an adjustment of status, a district court has subject matter jurisdiction to consider whether a delay in adjudication is unreasonable under the APA's "reasonable time" requirement.  Id. at 156.  See also Duan v. Zamberry, 2007 WL 626116, at *2 (W.D. Pa. Feb. 23, 2007) ("Although the speed of processing may be 'discretionary' in the sense that it is determined by choice, and that it rests on various decisions that Defendants may be entitled to make, it is not discretionary in the manner required by the jurisdiction-stripping language of the IIRIRA.").

### 2. The Mandamus and Venue Act

The MVA grants federal district courts "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  To be entitled to mandamus relief, an applicant must show that:  (1) her claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.  In re City of Fall River, Mass., 470 F.3d 30, 32 (1st Cir. 2006); In re Bluewater Network & Ocean Advocates, 234 F.3d 1305, 1315 (D.C. Cir. 2000).  District courts disagree over whether the MVA is an appropriate vehicle for challenging procedural delays in the processing of immigration petitions, although the weight of the decisions discourages any liberal issuance of the writ.  See Omar v. Mueller, 2007 WL 2318059, at *3 (D.N.J. Aug. 14, 2007) (district court lacked mandamus jurisdiction to compel CIS to act on an alien's naturalization application as there is no requirement that an examination be completed within a defined period of time); Yan v.

4

<u>Mueller</u>, 2007 WL 1521732, at *6 (S.D. Tex. May 24, 2007) (finding no mandamus jurisdiction because Congress had not imposed a time limit on the FBI for completing an applicant's background check); <u>Danilov v. Aguirre</u>, 370 F. Supp. 2d 441, 445 (E.D. Va. 2005) (alien could not rely on the more general jurisdictional provisions of the APA or the MVA to circumvent the specific provisions of the INA).

Mandamus is an extraordinary writ to be reserved for special situations in which an agency or official has failed to act (or has acted) in disregard of a clear legal duty and where there is no adequate conventional means for review, such as that provided by the APA. <u>In re City of Fall River</u>, 470 F.3d at 32. Here, in the absence of a clearly established duty to act on an application for adjustment to status within a prescribed period of time, the court agrees that the MVA attaches only in the most egregious of cases. A delay of some twenty-one months, while understandably upsetting to Vorontsova, is not so extreme or outrageous as to warrant the granting of extraordinary relief.

3. <u>The Administrative Procedure Act</u>

Although there are differences in the applicable tests, a claim seeking mandamus under the MVA is "in essence" the same as a claim for relief under the APA. <u>Independence Mining Co., Inc. v. Babbitt</u>, 105 F.3d 502, 507 (9th Cir. 1997). "[A] claim under [APA] § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is *required* to take." <u>Norton v. So. Utah Wilderness Alliance</u>, 542 U.S. 55, 64 (2004) (emphasis added). As the Court explained in <u>Norton</u>, "[t]he limitation [of the APA] to required agency action rules out judicial direction of even discrete agency action that is not demanded by law." <u>Id.</u> at 65. Here, there is no

requirement that CIS act immediately, or even promptly, on the adjudication of Vorontsova's application.  Given defendants' representation that the FBI processed 3.4 million name checks in fiscal year 2006 alone, a twenty-one month delay in adjudicating Vorontsova's application is not *per se* unreasonable.

### ORDER

For the foregoing reasons, defendants' motion to dismiss is <u>ALLOWED</u>.  The dismissal will enter without prejudice.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE